THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON LEE HINKEL, SR. and NARILY NOON, individually and as a representative of the Classes,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSAL CREDIT SERVICES, LLC,<br><br>Defendant. | Civil Action No. |

**DEFENDANT UNIVERSAL CREDIT SERVICES, LLC'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1331, 1441 and 1446, Defendant Universal Credit Services, LLC ("Universal"), by counsel, hereby removes this action from the Philadelphia County Court of Common Pleas of Pennsylvania, Trial Division, to the United States District Court for the Eastern District of Pennsylvania.  Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Accordingly, Universal removes this action.  In support of its Notice of Removal, Universal states the following:

**I.     BACKGROUND**

1. Plaintiffs Jason Lee Hinkel, Sr. and Narily Noon ("Plaintiffs") commenced the State Court Action against Universal on April 8, 2022 by filing a Class Action Complaint in the Philadelphia County Court of Common Pleas of Pennsylvania, Trial Division, Case No. 220400712 (the "Complaint").  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Universal in the State Court Action are attached hereto as **Exhibit A**.

2. On April 26, 2022, Universal was served with a copy of the Complaint.

1

3. This Notice of Removal is being filed within thirty days of service of the Complaint on Universal. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

4. This Notice of Removal is being filed within one (1) year of the date of commencement of the action for removal purposes.

5. In the Complaint, Plaintiffs allege violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* ("FCRA") regarding certain credit reporting on consumers.

6. Universal denies the allegations in the Complaint and denies that Plaintiffs have stated a claim for which relief may be granted. Nevertheless, assuming for jurisdictional purposes only that Plaintiffs' claims are valid, they could have originally filed their Complaint in this Court under federal question jurisdiction because resolution of Plaintiffs' claims will require determination of significant disputed issues under federal law.

## II. FEDERAL QUESTION JURISDICTION

7. This Court has original jurisdiction over Plaintiffs' FCRA claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

8. Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. Federal question jurisdiction exists over this action because the allegations asserted by Plaintiffs in the Class Action Complaint involve questions that will require resolution of significant, disputed issues arising under federal law. This case qualifies for federal question

jurisdiction and is removable because Plaintiffs' Class Action Complaint alleges claims under, and requires a ruling on, the FCRA, a federal statute.

10. Pursuant to 28 U.S.C. § 1441(b), removal is proper irrespective of the citizenship or residences of the parties.

### III.   VENUE

11. Venue is proper in this Court because this district encompasses the Philadelphia County Court of Common Pleas of Pennsylvania, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

### IV.   NOTICE

12. Concurrent with the filing of this Notice, Universal will file a Notice of Filing of Notice of Removal with the Philadelphia County Court of Common Pleas and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as **Exhibit B**.

13. Universal reserves the right to amend this Notice of Removal.

14. If any questions arise as to the propriety of the removal of this action, Universal requests the opportunity to brief and argue its position that this case is removable.

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. § 1331, Defendant Universal Credit Services, LLC, hereby removes this action from the Philadelphia County Court of Common Pleas of Pennsylvania to the United States District Court for the Eastern District of Pennsylvania and seeks whatever further relief this Court deems equitable and just.

Dated: May 16, 2022	Respectfully Submitted,

**UNIVERSAL CREDIT SERVICES, LLC**

*/s/ Leah A. Tedford*
Leah A. Tedford, Esq. (PA ID No. 329787)
Troutman Pepper Hamilton Sanders LLP
3000 Two Logan Square, 18th and Arch Streets
Philadelphia, PA 19103
Telephone: (215) 981-4919
Facsimile: (215) 981-4750
leah.tedford@troutman.com

*Counsel for Defendant Universal Credit Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2022 this *Notice of Removal* was served upon the following by sending a copy thereof via Federal Express, addressed as follows:

*Counsel for Plaintiff*
Shanon J. Carson, Esq.
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103


                                             */s/ Leah A. Tedford*
                                             Leah A. Tedford, Esq.