THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON LEE HINKEL, SR. and NARILY NOON, individually and as a representative of the Classes,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSAL CREDIT SERVICES, LLC,<br><br>Defendant. | Civil Action No. 2:22-cv-01902-KBH |

**ORDER GRANTING**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING**
**SETTLEMENT CLASS, AND TERMINATING ACTION**

Plaintiffs Jason Lee Hinkel, Sr. and Narily Noon ("Class Representatives" or "Plaintiffs"), on behalf of themselves and all others similarly situated, have submitted to the Court a Motion for Final Approval of the Settlement Agreement ("Final Approval Motion") with Xactus, LLC, as successor in interest to certain assets of Universal Credit Services, LLC and Universal Credit Services, LLC (collectively, "Defendant").

This Court has reviewed the papers filed in support of the Final Approval Motion, including the Settlement Agreement filed with Plaintiffs' Preliminary Approval Motion, the memoranda and arguments submitted on behalf of the Settlement Class, and all supporting exhibits and declarations thereto, as well as the Court's Preliminary Approval Order. The Court held a Final Fairness Hearing on May 15, 2024, at which time the parties and other interested persons were given an opportunity to be heard in support of and in opposition to the proposed settlement. The Court received zero objections regarding the proposed settlement.

Based on the papers filed with the Court and the presentations made at the Final Fairness Hearing, the Court finds that the Settlement Agreement is fair, adequate, and reasonable.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows**:

1. This Final Approval Order incorporates herein and makes a part hereof the Settlement Agreement and the Preliminary Approval Order. Unless otherwise provided herein, the capitalized terms used herein shall have the same meanings and/or definitions given to them in the Preliminary Approval Order and Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval.

2. This Court has jurisdiction over the subject matter of this action, the Class Representatives, the Settlement Class, and Defendant.

## SETTLEMENT CLASS

3. In the Preliminary Approval Order, this Court previously certified, for settlement purposes only, the Settlement Class defined as follows:

> All persons residing in the United States of America (including its territories and Puerto Rico) who: (1) were the subject of a bi-merge or tri-merge report using the legacy Universal Credit Services system and branding from April 8, 2020 through October 13, 2023; (2) that included at least one notation related to a deceased status in the score, fraud, or tradeline sections of the report; (3) where at least one of the underlying consumer reporting agencies returned a credit score; and (4) there was activity on a tradeline within 180 days of the date of the report or activity after the date of the report and that activity did not have a deceased indicator.

4. Certification of the Class for settlement purposes is hereby reaffirmed as a final Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3). For the reasons set forth in the Preliminary Approval Order, this Court finds, on the record before it, that this action may be maintained as a class action on behalf of the Class for settlement purposes.

5. In the Preliminary Approval Order, this Court previously appointed Plaintiffs as Class Representatives for the Settlement Class and hereby reaffirms that appointment, finding on

the record before it, that Plaintiffs have and continue to adequately represent the Settlement Class Members.

6. **CLASS COUNSEL APPOINTMENT** — In the Preliminary Approval Order, this Court previously appointed E. Michelle Drake and Joseph C. Hashmall of Berger Montague PC as Counsel for the Settlement Class and hereby reaffirms that appointment, finding, on the record before it, that Class Counsel have and continue to adequately and fairly represent Settlement Class Members.

7. **CLASS NOTICE** — The record shows, and the Court finds, that notice to the Settlement Class has been given in the manner approved by the Court in the Preliminary Approval Order. The Court finds that such notice (i) constituted the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, their rights under the Settlement Agreement and deadlines by which to exercise them, and the binding effect of the Final Approval Order on the Settlement Class Members; (iii) provided due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfy the requirements of the U.S. Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23, and any other applicable law.

8. Full opportunity has been afforded to members of the Settlement Class to participate in the Final Fairness Hearing. Accordingly, the Court determines that all Settlement Class Members are bound by this Final Approval Order in accordance with the terms provided herein.

## **FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

9. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the settlement as set forth in the Settlement Agreement, and finds the benefits to the Settlement Class, and all other parts of the settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of the Plaintiffs' claims and any defenses of Defendant, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Class Action Fairness Act. Accordingly, the settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement, with each Settlement Class Member being bound by the Settlement Agreement, including all releases set forth in the Settlement Agreement.

10. Specifically, the Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate given the following factors, among other things:

A. All claims within the above-captioned proceeding are complex and time-consuming, and would have continued to be so through summary judgment and/or trial if it had not settled;

B. Class Counsel had a well-informed appreciation of the strengths and weaknesses of the Action while negotiating the Settlement Agreement;

C. The relief provided for by the Settlement Agreement is well within the range of reasonableness in light of the best possible recovery and the risks the parties would have faced if the case had continued to trial;

D. The Settlement Agreement was the result of arms' length, good faith negotiations and exchange of information by experienced counsel; and

  E. The reaction of the Settlement Class has been positive.

  11. The Court overrules the objections to the settlement. After carefully considering each objection, the Court concludes that none of the objections create questions as to whether the settlement is fair, reasonable, and adequate.

  12. All claims in the above-captioned proceeding with respect to the deceased notation class claims are hereby dismissed with prejudice and terminated, as well as the trade summary putative class claims as to Narily Noon. Except as otherwise provided herein or in the Settlement Agreement, such dismissal and termination shall occur without costs to Plaintiffs or Defendant. Plaintiffs and all Settlement Class Members hereby fully release all Released Parties for all Released Claims, and are hereby enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit or claim that asserts any Released Claims.

  13. Pursuant to the Settlement Agreement, as of the Effective Date, Plaintiffs and the Settlement Class Members shall have fully, finally, and forever released and discharged the Released Parties from any and all Released Claims, as those terms are defined in the Settlement Agreement.

## ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

  14. Pursuant to Fed. R. Civ. P. 23(h), Class Counsel applied to the Court for awards of attorneys' fees and costs as related to the Settlement Class.

  15. The Court notes that the requested amounts were included in the notice materials disseminated to the Settlement Class and there have been no objections to the requested amounts.

  16. The Court, having reviewed the declarations, exhibits, and memoranda submitted in support of the requests for attorneys' fees and costs, approves an award of attorneys' fee and

costs to Class Counsel in the amount of $225,000. The Court finds this amount to be reasonable and appropriate under all circumstances presented.

17. The Court also approves a service award to each of the Class Representative of $7,500.

18. The Settlement Administrator is further approved to reimburse its reasonable costs in connection with the Settlement Class from the Settlement Fund prior to the distribution to the Settlement Class Members.

19. The Settlement Administrator is directed to distribute the balance of the Settlement Fund to participating Class Members as expressly set forth in the Settlement Agreement. Should funds remain for *cy pres* distribution, the parties' selected organizations, Public Justice and Community Action Agency of Delaware County, Inc., are approved to receive such residual funds.

20. The Court expressly retains exclusive and continuing jurisdiction, without affecting the finality of this Order, over the Settlement Agreement, including all matters relating to the implementation and enforcement of the terms of the Settlement Agreement. It is in the best interests of the Parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which, in any way, relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order, should be presented exclusively to this Court for resolution.

21. Nothing herein, including the Court's retention of jurisdiction over the Settlement Agreement, shall be a basis for any party, including any class member, to assert a court has personal jurisdiction over any other party in any matter other than a matter seeking to enforce the terms of the Settlement Agreement.

22. Neither this Final Judgment and Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Settlement Released Claims. This Final Judgment and Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Named Plaintiffs, the Settlement Class Members, or Defendant.

23. If the Effective Date, as defined in the Settlement Agreement does not occur for any reason whatsoever, this Final Approval Order shall be deemed vacated and shall have no force or effect whatsoever.

24. The parties are hereby directed to carry out their obligations under the Settlement Agreement.

25. There being no just reason for delay, the Court directs this Final Order be, and hereby is, entered as a final and appealable order.

**It is SO ORDERED.**

Dated: May 15, 2024

/s/ Hon. Kelley B. Hodge
**Hodge, Kelley B., J.
U.S. District Judge**